WILLIAM DALE, Appellant, *against* WILLIAM BRINCKER-
HOFF *et al.* Respondents.

(Decided February 5th, 1877.)

A gratuitous bailee who, without notice to the bailor, and without his authority,
sends to auction the property which is left with him, and has it sold, is guilty of
conversion of the property.

It is the duty of a gratuitous bailee who desires to terminate the bailment, to notify
the bailor to take away the property, and if he does not then take it away within a
reasonable time, or if he cannot after reasonable inquiry be found, then the bailee
should place the property on storage at the risk and chárge of the bailor, and
where if the storage is left unpaid, it may be sold by the storekeeper for the pay-
ment of his charges when they approach near to the value of the article.

APPEAL by the plaintiff from an order of the general
term of the Marine Court of the city of New York, revers-
ing a judgment of that court, in favor of the plaintiff, en-
tered on the verdict of a jury, and directing a new trial.

The action was brought by the plaintiff, Dale, to recover
damages for the conversion of certain machinery left by him
in the gratuitous custody of the defendants, at their store,
in New York city, with their permission. Some time after
the machinery was placed there, and during the absence of
the plaintiff from the city, the defendants, without notice to
plaintiff, and without any authority from him, sent the
machinery to an auction room, where it was sold by their
instructions, and brought $10. The jury found the value of
the machinery to be $100.

*C. H. Machin,* for appellant.

*Wm. H. Arnoux,* for respondent.

CHARLES P. DALY, Chief Justice.—There was no ground

for disturbing this judgment. If the defendants, without authority, sold the plaintiff's machine, it amounted to a conversion. They were gratuitous bailees. It was placed in the defendants' store in August, 1872, the defendants having told the plaintiff that he might bring the machine there; that they would give it room, and would not charge him any rent for it. If they wished to terminate this bailment, the proper course was to notify him, and if he did not, within a reasonable time take it away, or if he could not, after reasonable inquiry, be found, to place it on storage, at his risk and charge, and the storekeeper would have the right, if the storage was not paid, to sell the machine for the payment of costs and charges.

The defendants had no right to sell it. They had no charges for keeping it. They had agreed to keep it gratuitously, and if unwilling to do so any longer, and they meant to charge for keeping it thereafter, they were bound to show that they had notified the plaintiff to that effect. If they could not notify him, not knowing where he was, or where a letter would reach him, then their course was to put it on storage with a person who follows that business for hire. Instead of doing this they sent it to auction, where it was sold, on their account, for $10; the machine having cost $1,000 to build; and at the lowest estimate upon the evidence, it was of the value of $120. This was a conversion, whatever may have been their private intent (*Pease* v. *Smith*, 61 N. Y. 477).

They gave evidence of a very defective kind to show that they notified the plaintiff to take it away, or that they would sell it to pay costs and charges. There were no costs or charges then, nor could there be any under the agreement. The evidence was simply that their bookkeeper addressed a letter to the plaintiff at Washington, to that effect. It was not shown that the plaintiff was there, nor when this letter was sent, or to what address in Washington, or that it was duly mailed. One of the defendants was told, before this letter was written, that the plaintiff could be seen somewhere in Greene street, and testified that when

he heard that the plaintiff was in town, he "mailed a note to him, at his last place (where, is not stated), to come to take the property away." This evidence of notice, the jury were entitled to regard as unsatisfactory; and even if it had been shown that the plaintiff had in fact been notified, all that the defendants then would have been justified in doing, would have been to have stored the machine safely, leaving the plaintiff to pay the costs and charges thereby incurred, and subject to the risk of its being sold by the storekeeper, when the costs and charges for storage had approached so near the value of the article as to make the sale of it to pay the expenses justifiable. (*Rowland* v. *Miln*, 2 Hilt. 150; *Fisk* v. *Newton*, 1 Denio, 45; *Browning* v. *The Long Island R. R. Co.* 2 Daly, 121.)

The judgment of the general term should therefore be reversed, and the judgment of the trial term affirmed.

ROBINSON and LARREMORE, JJ., concurred.

Ordered accordingly.