Hatch, J.
Upon the record it stands admitted that the mantels delivered were not such as were ordered. It is also admitted that objection was immediately taken to them, before they were placed in position. At the solicitation of the vendors, they were permitted by defendant’s wife, defendant not being present, to place them in the house for the sole purpose of enabling defendant to see them in position, in the hope that he might be induced to accept them. When defendant saw the mantels thus placed, he immediately rejected them, and notified the vendors to take them away and restore the walls. This was not done, and thereafter the vendors presented their bill, which included the mantels. Defendant repudiated the bill to that extent, and paid the balance, which was accepted. Thereafter, negotiations were bad to purchase the *263 mantels at a less price. These proved abortive. The vendors now made a general assignment for the benefit of creditors, and their assignee attempted to sell the mantels to defendant, but failure attended his efforts, blow arose the only contested question in the case. When the assignee went to defendant to see about the bill, no agreement was reached, and the assignee said he would take the mantels away. Defendant told him to do so, and fix up the walls. Plaintiff’s proof tended to establish that thereafter Bensler, as agent of the assignee, went to defendant’s house, and demanded the mantels of defendant’s wife, whom he found in charge; that she refused to allow them to be removed. Thereupon Bensler went to defendant, and was by him again directed to get the mantels, and, visiting the house again for that purpose, was again refused delivery of them by the wife. At a prior time he had visited the house for the purpose of removing the mantels, and found it locked.
This testimony was corroborated by Bensler’s son, who accompanied him, and constituted plaintiff’s evidence upon this branch of the case. Defendant’s wife testified that Bensler never visited the house but once, to her knowledge, and then said he came to see about the mantels, but made no demand for them; that at the' time she was sick, and directed him to see her husband; and that she never saw him thereafter. Defendant testified that he did not see Bensler but once, and that was in the presence of the assignee, when he told him to take the mantels away, and fix up the walls.
Upon this testimony the court below was authorized to find that there was never an acceptance of the mantels, and that no demand for their delivery had ever been made and refused. The witnesses were all interested, as Bensler was one of the firm of vendors of the property, interested in the assigned estate, and husband of the plaintiff. The court had the benefit of their presence, and observed their manner, and we see nothing which calls upon us to disturb its conclusion thereon. This finding left the mantels the property of the assignee of the vendors, and no action could be maintained for their purchase price, or for conversion by him; and plaintiff, as assignee of this account, occupies no better position. This result is supported in Brown v. Foster, 108 N. Y., 390; 13 St Rep., 805. Defendant occupied no other or different position with reference to this property than that of a gratuitous bailee. When it was not taken away upon notice, in the proper discharge of his duties he was authorized to properly protect it, by storing or otherwise. Dale v. Brinckerhoff, 7 Daly, 45. It was proper care to remove it from the house when defendant moved, and keep it safely. The use to which he put it might have evidenced an acceptance of it, and consequent liability. It was also entirely consistent with, proper care for it, for delivery to the owner, and the court below has adopted the latter view. The present plaintiff, as assignee, is entitled to the delivery of the mantels to her, upon demand, but, upon the facts found, she is not entitled to maintain this action. The judgment appealed from is affirmed, with costs.
Titus, Oh. J., concurs.