Action by Edward H. Moubray against Richard Dieckman and another for specific performance of a contract entered into between plaintiff and defendant Funston for the exchange of real estate in the city of Brooklyn, the record and title to which was in defendant Dieckman. From an interlocutory judgment overruling defendant Dieckman's demurrer, said defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Charles M. Stafford, for appellant.

H. H. Snedeker, for respondent.

PER CURIAM. The appeal in this case is without merit, and, upon the law, does not present a debatable question. It is well settled that in an action for specific performance the specific relief may be denied, and an award of damages may be made. Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298; O'Beirne v. Bullis, 2 App. Div. 545, 38 N. Y. Supp. 4. The pleader had the clear right to ask for specific performance, or, in the event that it could not be decreed, to ask for an award of damages, or to ask for both specific performance and damages. Witherbee v. Meyer, 84 Hun, 146, 32 N. Y. Supp. 537. Dieckman was a necessary party, as he held the legal title. The complaint alleged that he was without interest in fact, but that he held the legal title for the benefit of the other defendant, who alone was beneficially interested. In order to obtain specific performance, it was absolutely necessary that Dieckman be made a party, in order that the proper conveyance might be made. In section 447, Code Civ. Proc., is found the authority for making him a party; and the fact that he might not be affected by the judgment if specific performance was denied, and damages awarded, in no way affects the question of his proper joinder as a party defendant in the action.

The judgment appealed from should be affirmed, with costs, with leave to the defendant Dieckman to answer within 20 days after the service of a copy of the judgment, on payment of costs.

---

(9 App. Div. 172.)

MANHATTAN RUBBER-SHOE CO. v. CHICAGO, B. & Q. R. CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. CARRIERS—STORING GOODS AT DESTINATION.
  Where the consignee refuses to accept goods, the carrier may place them in storage, and thereby relieve itself from further responsibility.
2. SAME—REFUSAL OF CONSIGNEE TO ACCEPT GOODS—NOTICE.
  A carrier need not give the consignor notice that the consignee refuses to accept the goods, where such notice was given by the consignee.

Appeal from trial term, Suffolk county.

Action by the Manhattan Rubber-Shoe Company against the Chicago, Burlington & Quincy Railroad Company to recover damages for the alleged nondelivery of goods shipped by plaintiff over defendant's railroad. From a judgment entered on the verdict in

favor of defendant, and from an order denying the motion for a new trial made on the minutes of the court, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Thomas J. Ritch, Jr., for appellant.
Edwin D. Worcester, Jr., for respondent.

CULLEN, J. The plaintiff shipped by the defendant's railroad certain cases of rubber goods, consigned to Kirkendall, Jones & Co., at Omaha, Neb. When the goods arrived at Omaha the defendant delivered them to a local express company, who for many years had received the goods consigned to Kirkendall, Jones & Co., the express company paying defendant the freight. The consignees refused to accept the goods from the express company, asserting that they had not bought or ordered them. Thereupon the express company took the goods back to the station, saying to the defendant's agents that the consignees had refused to accept them, but that the matter would probably be settled in a short time. The express company asked and obtained permission to place the goods, for a short time, in the station building. The goods remained there for some four or five weeks, when the express company placed them in the warehouse of one Stimmel on storage. Here they remained for a year, when Stimmel sold the goods at auction for unpaid storage. Subsequently Stimmel failed, and the plaintiff was unable to obtain from him the proceeds of the sale. The defendant gave the plaintiff no notice of the refusal of the consignees to accept the goods, nor of their subsequent disposal of them. Immediately after the arrival of the goods at Omaha, the consignees wrote to the plaintiff that they had rejected the goods, and that the goods were at the depot, subject to plaintiff's orders. To this plaintiff answered, acknowledging that its agent had improperly shipped the goods, and requesting the consignees to "take them in," the parties to arrange subsequently the terms. Here the correspondence seems to have ceased, and the plaintiff took no further action in the matter. The cause was submitted to the jury under instructions that, if the local express company had authority from the consignees to receive and accept goods consigned to them, then, by the delivery to the express company, the defendant discharged its duty, and was not liable, but, if the express company had not such authority, then the defendant was liable. The plaintiff took no exception to this charge, nor did it ask for a direction of a verdict in its favor. But, having made a motion for a new trial, it now insists, upon an appeal from an order denying that motion, that the evidence to establish the authority of the express company to bind the consignees was not sufficient to justify the submission of that question to the jury.

We are not required to decide the question now raised, as we think that, on the undisputed facts of the case, the defendant was not liable. The defendant had fulfilled its contract, and discharged

its duty as a carrier, when it tendered the goods to the consignees. Its subsequent liability was that of a warehouseman.   Fenner v. Railroad Co., 44 N. Y. 505;  Weed v. Barney, 45 N. Y. 344.   And it could discharge itself from further responsibility in that respect, by placing the goods in store, for the account of the owner, in the warehouse of a responsible person.   Fisk v. Newton, 1 Denio, 45; Mayell v. Potter, 2 Johns. Cas. 371;  Hamilton v. Nickerson, 11 Allen, 308.   Therefore, even if the express company be deemed the agent of the defendant in storing the goods, the course taken was proper.   This much the learned counsel for the appellant concedes, but he insists that the defendant is liable because it failed to give the plaintiff notice that the consignee had rejected the goods or notice of their storage.   We think it is not the law that the carrier must invariably give such notice to the shipper.   In Fisk v. Newton, supra, no notice was given to the consignor, yet the defendant was held not liable.   In Weed v. Barney, supra, it is said:

"But it is insisted that the defendant should have given notice to the consignor when the consignees did not receive and pay for the package. Was there any contract so to do? * * * The authorities would not seem to require notice, under the facts of this case, though notice may sometimes be necessary."

The true rule seems to be that the carrier has not the right to abandon or unnecessarily expose the goods to loss or damage, but must conduct himself as a reasonable man would do with reference to them, and that the carrier is bound to give notice only when reasonable care would require it.   Hudson v. Baxendale, 2 Hurl. & N. 574;  Kremer v. Express Co., 6 Cold. 356.   The object of giving notice is to impart information.   In the case before us the plaintiff was informed by the consignees that the goods shipped had arrived, had been rejected, and were then at the station.   To this the plaintiff answered, practically asking the consignees to take charge of the goods.   From that time till the sale of the goods —a period of a year—the plaintiff did nothing.   It may have had no notice that the goods had been stored with Stimmel, but the absence of such information does not affect the question, for the plaintiff made no inquiry upon the subject.   When the plaintiff knew that the goods were rejected, it was its duty to have at once taken action in the matter, and directed the disposition to be made of the property.   It could at any time have obtained any information by inquiry of the defendant.   It could not, by its inaction, cast the duty of caring for its property upon the railroad company,—a duty properly imposed on itself.   The loss to the plaintiff in this case has occurred solely by its gross negligence in failing to look after its own property, and not from the fault of the defendant.

The judgment and order appealed from should be affirmed, with costs.   All concur.