(18 Misc. Rep. 438.)

### MORGAN et al. v. MURTHA.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

WAREHOUSEMEN—ENFORCEMENT OF LIEN—DUTY TO SELL GOODS.

Laws 1883, c. 421, authorizing warehousemen to sell goods on which one year's storage is due, is not compulsory, but a warehouseman cannot continue to charge storage on such goods after a reasonable time from the expiration of the year in which to perfect the accrued charges by action against the owner or by sale under the statute. 40 N. Y. Supp. 376, reversed.

Appeal from city court of New York, general term.

Action by Patrick Morgan and Francis Morgan to recover plaintiffs' charges as warehousemen claimed under a contract for storage of defendant's furniture. From a judgment of the city court (40

N. Y. Supp. 376) affirming a judgment entered on a verdict in favor of plaintiffs, defendant appeals. Reversed.

Argued before DALY, P. J., and BISCHOFF, J.

Geo. W. McAdam, for appellant.

David McClure, for respondents.

BISCHOFF, J. The plaintiffs are warehousemen, and have brought this action to recover for items of cartage and storage of goods delivered to them by the defendant in March, 1883, under an agreement for their storage at a stated price per month, and for an indefinite period. The subject of the contract originally comprised a large amount of furniture, the greater portion of which was returned to the defendant upon her demand about six months after the storage commenced, and upon her payment of charges amounting to $493.36; but a dispute arose at the time as to whether this payment covered all charges due, and the plaintiffs refused to deliver all of the defendant's property, retaining a certain part as security for the charges still claimed to have been unpaid. It appears that the amount in dispute at that time was $125, but the plaintiffs in this action demanded $1,270, laying claim to storage charges at the agreed rate for the furniture withheld during the long period which intervened between the date of her refusal to pay the amount then asked and the commencement of this action, in April, 1891,—more than seven years. No specific objection was made in the defendant's behalf, at the trial, to so much of the plaintiffs' claim for storage charges as was conceded by them to have accrued after their possession of the furniture withheld, as lienors, had commenced (Somes v. Shipping Co., 8 H. L. Cas. 338; Hartley v. Hitchcock, 1 Starkie, 408), and the theory upon which the case was submitted to the jury by the court was that upon the defendant's refusal to pay the accrued charges for storage the original agreement was impliedly continued (Devereux v. Fleming, 53 Fed. 401). For error in such submission, which appears from exceptions to the court's refusals to charge as requested by the defendant's counsel, we are constrained to a reversal of the judgment.

The jury were instructed that the plaintiffs were under no duty to dispose of the goods, but were authorized to keep them in storage indefinitely, and could recover the charges from the defendant; and that there might be no doubt of the rule, as conceived, the court refused the defendant's requests to charge as follows:

(1) "That the plaintiffs, in protecting themselves for their storage bill by retaining the goods, had no right to retain them for an unreasonable time after the lapse of one year, thus imperiling their security, and inflicting loss upon the defendant; and, assuming that the plaintiffs were employed to store these goods, it was their duty, within a reasonable time after the expiration of a year, to sell the said goods." (2) "That the law imposes on a party subjected to injury from a breach of contract by the other party the active duty to adopt all reasonable means to make the inquiry as light as possible, to the end that no unusual or burdensome duty may be created." (3) "That if the plaintiffs in this case, through willfulness or negligence, allowed the damages for storage to be unnecessarily enhanced, they cannot recover for the increased loss, and such loss falls on the plaintiffs." (4) "That the law imposes upon every person the re-

ciprocal duty that while, in a proper case, he may protect himself, if it appears he has been guilty of neglect towards a defendant, or has needlessly imposed duties on her that by the exercise of ordinary prudence might have been averted, he cannot recover."

The second and fourth requests the court charged as embodying valid propositions of law, but added that they "had no application to this case." It thus appears that the jury were instructed, against the defendant's protest, that the plaintiffs, under the excuse of protecting their lien for accrued storage charges, were at liberty to build up a claim against the defendant for further storage to any extent which they might see fit, and recover such further charges as a legitimate part of the damage to which they were subjected by the possession of the goods in protection of their lien, and that they owed absolutely no duty to the defendant of attempting to reduce their damages arising through the original breach of the contract, but were indeed authorized to make capital out of it. It may well be that the defendant's refusal to pay the charges which had accrued at the time of the dispute hereinbefore alluded to entitled the plaintiffs to some further charges for storage rendered necessary by their possession of the goods in the protecting of their lien thereon; but reason and authority stand opposed to the proposition that the right to such further charges should extend beyond a reasonable time within which the plaintiffs might have made their lien available for the satisfaction of their charges. Any other view would enable the plaintiffs to recover storage charges ad infinitum; and it appears from the record that the goods upon which their lien was claimed continued in their possession undisposed of at the time of the trial.

We may grant that the defendant had no right to require the plaintiffs to turn their lien to account by action or a sale under the statute for such cases made and provided, but non constat that the plaintiffs' willful or negligent omission so to do ought to be visited upon the defendant; and, as we view the matter, the jury might legitimately have been instructed that the plaintiffs were only entitled to such further storage charges as had accrued within a reasonable time after they had assumed to hold the goods as lienors to render their lien available for the purposes of extinguishing their claim for the accrued charges, since, though independently of an agreement, usage, or the statute alluded to, the plaintiffs may not have been authorized to dispose of the goods by sale (28 Am. & Eng. Enc. Law, 667; 1 Jones, Liens [2d Ed.] § 776; 2 Kent, Comm. [Lacy's Rev. Ed.] *643; Edw. Bailm. [3d Ed.] 215), they could have made the lien available in satisfaction of their charges by an action to that end, or by an action for the debt, and a sale of the goods subject to the lien under execution issued upon the judgment. Hence the defendant's first request, which embodied a limitation with regard to the commencement of such reasonable time to one year after the charges for which the lien was claimed had accrued, would, if charged, have carried with it an instruction more favorable to the plaintiffs than was their right.

The second, third, and fourth requests were relevant to the ques-

tion of the plaintiffs' damages. The fact that the plaintiffs had a
lien to protect did not bring them without the application of the
rules governing the rights of contracting parties generally, nor did
this contract, in its nature, call for any limited application of the
universal principle that a party injured from another's act, be it a
breach of contract or a tort, is held to the duty of making reason-
able exertions to render the injury as light as possible. Hale, Dam.
p. 64 et seq.; 1 Suth. Dam. § 88 et seq. "Public interest and sound
morality accord with the law in demanding this; and if the in-
jured party, through negligence or willfulness, allows the damages
to be unnecessarily enhanced, the increased loss justly falls upon
him." Hamilton v. McPherson, 28 N. Y. 72, 76. See, also, Dillon
v. Anderson, 43 N. Y. 231.

Conceding that the defendant, in refusing to pay the charges
claimed in the year 1883 was at fault, and that, therefore, the plain-
tiffs rightfully retained these goods in protection of their lien at
that time, it is still apparent that this large claim for storage was
not reasonably an incident of the damages accruing from the breach
of contract. A sale of the goods when the charges approached to
within a reasonable degree their actual value would have protected
the plaintiffs' lien, and was their right to make (Dale v. Brincker-
hoff, 7 Daly, 45), apart from any statutory provision upon the sub-
ject; but it was in their power to protect the lien, and prevent the
accrual of damages against the defendant, before the storage char-
ges had more than covered the value of the goods, by virtue of the
statute in existence at the time of the transaction (Laws 1879, c.
336, as amended by Laws 1883, c. 421; 3 Rev. St. [Banks & Bros.
9th Ed.] 2463) which provides that "every warehouse company or
person or persons engaged in the warehouse business who shall have
had in his or their possession any goods, wares, or merchandise,
by virtue of any agreement  *  *  *  for the storage of the same,
on which, or any part thereof, there may be due one year's storage,
may proceed to sell the same at public auction," etc. True, this
statute is not mandatory, and does not require the warehouseman
absolutely to sell at the expiration of the year for which charges
may be unpaid, which consideration appears to have led the court
below to make the rulings referred to; but the rights and duties
of the contracting parties were fixed by fundamental principles
of law, and did not depend upon the statute referred to, which be-
comes material only as showing the plaintiffs' opportunity and abil-
ity, aside from the right to enforce the lien by action, to perform
a duty, the observance of which was incumbent upon them. The
statute fixed a time at which the power was given to act, and, if
the act should have been performed as a reasonable means to the
reduction of damages, then it was the plaintiffs' duty to perform it.
What would have been a reasonable time within which the plain-
tiffs should have enforced their lien by action, or by a sale under
the statute, after they had the power to make such a sale, was a
question of fact dependent upon the circumstances; and a sale
which might have been to the prejudice of the lien could not, of
course, have been within the duty of the plaintiffs to make. Hence-

there could have been no question of injury to the plaintiffs had they enforced their lien by action, or sold the goods within a reasonable time, in accordance with the duty to reduce the damages; and the question whether they did their duty or not in this respect was improperly withheld from the jury by the denial of the defendant's requests.

The case of Devereux v. Fleming, supra, is not to the effect that a warehouseman has the right to hold goods for the protection of a lien and charge for storage indefinitely, to the prejudice of the bailor. All that was there decided was that the retention was not inconsistent with the original contract, and that the storage charges did not necessarily cease when that retention, as lienor, commenced. We may well agree with the views thus expressed, our consideration in the present case dealing only with the extent to which such charges may be permitted to accumulate by the bailee, having regard to the duty to the bailor arising out of the contract to use reasonable diligence in the reduction of damages upon its breach. In other words, the question here is not whether the plaintiffs were entitled to any damages for further storage charges after their possession of the goods, as lienors, had commenced, but with regard to the proper measure of such damages.

As already noted, the jury were authorized to find, under the circumstances of the case, that the plaintiffs unreasonably neglected to avail themselves of their lien by an action to enforce it before the accrual of a year's charge for storage, in which last-mentioned event the plaintiffs would have had a further remedy by sale under the power given by statute. We are unable, therefore, to say that, because the verdict rendered, exclusive of other charges and interest, approached only about a year's charge for storage at the agreed rate, the defendant was not prejudiced by the court's refusal to charge her second, third, and fourth requests, or either of them, or to what extent she was so prejudiced.

The verdict in this case was $298, which represented the disputed claim of $122, with interest from April 5, 1891, as demanded in the complaint, and further storage charges at the rate of $10 per month for a year or more. By the verdict it was established that the plaintiffs were entitled to demand $122 when the goods were originally tendered for delivery, and interest upon that sum was recoverable. But the allowance of storage charges for over a year thereafter was only recoverable in case the jury found that that period was a reasonable time for the lienors to enforce their lien,— a finding, however, which cannot be assumed under the charge of the court as made.

A new trial will have to be granted unless plaintiffs are satisfied to reduce their recovery of damages to the said sum of $122, with interest as aforesaid, in which case the judgment will be modified accordingly, and affirmed for the reduced sum, with costs, but without appeal costs in this court or the city court; otherwise the judgments of the court below, at general and trial terms, will be reversed, and a new trial ordered, with costs of the appeals and of the former trial to the appellant, to abide the event.