## LAPORTE v. WELLS, FARGO & CO.'S EXPRESS.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. CARRIERS OF GOODS—DELIVERY—DELAY OF CONSIGNEE—PROVINCE OF COURT.
   The question whether a consignee had a reasonable time in which to remove the goods after their arrival is one for the court, where the facts are not in dispute.

2. SAME.
   On Saturday, plaintiff delivered to a common carrier a box of jewelry, to be delivered to one M., at New Durham, N. J. The box reached there the same afternoon, and was placed by the express agent in his office; and he then deposited in the post office a postal card addressed to M., notifying him of receipt of the box, and that it was held at his risk. The agent knew nothing of M., who in fact lived at another place, the box having been addressed to New Durham by mistake. Up to 7:30 Monday evening, when the agent left his office, it had not been called for, and that night the jewelry was stolen. *Held*, in an action to recover damages for nondelivery, that the consignee had had a reasonable time, as a matter of law, in which to remove the goods.

3. CARRIER AS WAREHOUSEMAN—PROVINCE OF COURT.
   Where there is no dispute as to the facts, the question of whether articles delivered to a carrier have been properly cared for by him, as a warehouseman, after arrival at their destination, may become one of law.

4. SAME—NEGLIGENCE—BURGLARY.
   In villages the same degree of security cannot be required of a warehouseman or a common carrier, either as to fire or burglary, as in cities. If there is no better or safer place, he may properly leave a box of jewelry overnight in his express office, used for such purposes.

   O'Brien, J., dissenting.

Appeal from trial term.

Action by George H. Laporte against Wells, Fargo & Co.'s Express. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. B. Alexander, for appellant.

J. C. Kennedy, for respondent.

VAN BRUNT, P. J. This action was brought against a common carrier for damages arising from the nondelivery of goods. The facts appearing upon the trial were that on Saturday, the 2d of February, 1895, the plaintiff, at the city of New York, delivered to the defendant a box containing watches and other jewelry, of the value of $250, to be carried to New Durham, N. J., and delivered to one J. McGrath.

The box was received at New Durham on the same day, at 4:30 p. m., by the agent of the express company at New Durham, who took the box off the train. New Durham was a small place, of from two to four hundred inhabitants. The express company's agent knew nothing about McGrath. In fact, he did not live at New Durham, but at a place called "Union Hill," or "West Hoboken," and it was by mistake that the box was addressed to New Durham. A few minutes after the express agent received the box, he deposited in the New Durham post office a postal card addressed to J. McGrath, New Durham, N. J., containing a notice that the company had received the box, and that they held it at his risk, and requesting him to call for the same. The box remained at the station, uncalled for, as late as 7:30 p. m. on Monday. The agent left the office on Monday evening at 7:30, in accordance with his usual custom; but, on arrival at the office on Tuesday morning, he found that the waiting-room door of the station was locked, but that the window was open, some one having broken the glass below the catch of the window, and opened the window. He further found the box which had contained the jewelry broken open, and the papers which were in the box lying alongside, and scattered around, the box. The jewelry was gone. Upon these facts the court submitted the case to the jury as to whether the consignee had had a reasonable time in which to remove the goods, and whether the defendant had taken reasonable care of the goods, as warehouseman, if such reasonable time had elapsed. Counsel for the appellant, in various forms, objected to the submission of these questions to the jury; claiming separately, as to each of them, that he was entitled to the direction of a verdict.

It seems to have been long settled that in an action against a common carrier the question as to what is reasonable time, where there is no dispute as to the facts, is a question of law, for the court, and the submission of that question to the jury is ground for reversal. Hedges v. Railroad Co., 49 N. Y. 233. This substantially reiterates the rule announced in Fisk v. Newton, 1 Denio, 45, and Northrop v. Railroad Co., 3 Abb. Dec. 386. In the case at bar there was no dispute whatever as to the fact of the arrival of the goods, and the length of time which elapsed before they were stolen. It appears that the consignee was not a resident of the place to which the goods were consigned; that the goods were received at 4:30 p. m.; that said consignee was not known to the agent of the express company who received the goods; that he deposited them in the express office, the usual place for the deposit of goods awaiting delivery, and mailed a notice to the consignee on the same (Saturday) afternoon. The goods remained uncalled for until Monday night, when they were stolen. It is clear that there was ample time for the removal of the goods, had the consignee been a resident of New Durham, to which place the goods were addressed. The agent had no other means of giving notice of their arrival, and the fact that the consignee lived at a distance from the station, at another place, in no way prolonged the period of responsibility of the carrier, as such; he having taken all due means for the purpose of notifying the consignee. This rule is expressly laid down in the case of Northrop v. Railroad Co., supra. It

was there held that when a reasonable time had expired for the consignee, had he lived in the vicinity of the depot, to call for the goods, the liability of the defendants as common carriers ceased. In that case the defendants, as common carriers, on the 8th of August, 1859, received from the plaintiffs, at Tully, a quantity of wheat, directed to the plaintiffs, at Chenango Forks, and agreed to transport the same accordingly. They carried the wheat by their railroad from Tully to Chenango Forks, where it arrived on August 8th, at a place called "Chester Village." The plaintiffs were merchants residing 15 miles from the depot, and no one was present to receive the wheat on its arrival. It was accordingly deposited by the company in their freight house on the afternoon of August 8th. On the afternoon of the next day the plaintiffs received information from Tully that the wheat had been sent forward to Chenango Forks, and on the following day, the 10th, they sent to the depot for it; but at about 11 o'clock on the night of the 9th it had been destroyed by fire in the freight house of the company. The court held that although in this state it would seem to be requisite that notice of the arrival of the goods should be given to the consignee, in case he resides or has a place of business at the place of destination, or in its immediate vicinity, such duty does not arise where the party resides at a distance, and has no agent at the place to whom notice of arrival can be given. It may be argued that the case above cited is not an authority for the proposition that in the case at bar a reasonable time between the arrival of the goods and the robbery had elapsed, within which the consignee was bound to remove the goods. In that case the question was submitted to the court upon an agreed statement of facts, and the court found that a reasonable time had elapsed. But in the case of Hedges v. Railroad Co., supra, the court disposed of the question of reasonable time without any submission to the jury, but treated the same as a question of law for the court, there being no dispute in regard to the facts. A car load of paper was shipped to the plaintiffs from Fulton, N. Y., and arrived at the defendant's freight station in the city of New York at 7 a. m. on the 23d of May. The plaintiffs received notice of its arrival at 9:40 a. m. on the 24th of May. The plaintiffs thereupon directed a cartman to bring one load of it to them as quickly as he could. He took one load, and unloaded it at the plaintiffs' store about 3 p. m. He did not return for another load, but for the remainder of the day carted to other places, or remained idle. The remainder of the paper remained in the car, and in the night of that day and the morning of the following day was burned up with the car, by a fire of incendiary origin. The court charged that the plaintiffs were bound to take away the paper within a reasonable time after notice, and that this was for the jury to decide. This, upon appeal, was held to be error; that it was the duty of the consignee, at once and with diligence, to act upon the notice of arrival, and to seek delivery, and to continue until delivery was complete. If he had been unable, in the usual course of business, to obtain delivery of all the paper, as to the balance the court held that it would have remained as it did in the custody of the defendant, who could not have devested itself of the duty to care for it as bailee thereof. It

would seem, therefore, that in the case at bar, there being no dispute in regard to the facts, it was error to submit the question of reasonable time to the jury, that the court should have disposed of it as a question of law, and that a reasonable time had elapsed before the jewelry was lost.

The remaining question in the case, as to whether the jewelry was properly cared for by the defendant as a warehouseman, may also become a question of law, where there is no dispute in regard to the facts. In a country village the same degree of security, either as to fire or burglary, cannot be required of a warehouseman or a common carrier, as such, as in larger cities, where greater facilities for warehousing exist. In these cases "reasonable care" is a relative term, being governed by the circumstances surrounding the carrier. He is bound to take the same care of the goods which are in his custody as a reasonable man would take of his own property. If there was no better or safer place in which to deposit the goods, it would seem that he had no alternative but to leave them in the warehouse provided by the carrier for that purpose.

Upon the whole case, therefore, it would seem that error was committed, prejudicial to the defendant, and that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide event.

WILLIAMS, PATTERSON, and INGRAHAM, JJ., concur.

O'BRIEN, J. I dissent, upon the ground that both the questions were properly presented to the jury, and the judgment should be affirmed.