(36 Misc. Rep. 543.)

## BYRNE v. FARGO.

(Supreme Court, Appellate Term.　December, 1901.)

**1. EXPRESS COMPANY—LIABILITY AS WAREHOUSEMAN.**

Where goods are sent by express C. O. D., and the consignee refuses to accept them, and the shipper, on notice thereof, directs the express company to hold them until called for, it becomes liable to the consignor only as a warehouseman.

**2. SAME—LIABILITY FOR THEFT.**

Where an express company stores goods, for which it is liable only as warehouseman, in a small, country depot, and the goods are stolen at night by persons who break in the window, the company is not liable to the consignors for the value of the goods.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Walter Byrne against James C. Fargo, president of the American Express Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

George C. Harrison, for appellant.

Carter & Ledyard, for respondent.

McADAM, P. J. On August 14, 1900, plaintiff's assignors delivered to the American Express Company, at Brockport, N. Y., a box containing a suit of clothes, consigned to one Powers, of Wilson, N. Y., and instructed the company to deliver the clothes to the consignee on payment of the price, $22, and, in the event of its failure to collect said sum, to return the property to the shippers. The package was forwarded by the company to Wilson, and the consignee immediately notified. He did not inspect the clothing until August 21st following, and then refused to accept it. The company thereupon notified the consignors of nonacceptance by the consignee, and they on August 22d directed the company to hold the property at Wilson until they sent some one there to get the goods. On the night of August 23d the premises of the express company at Wilson were broken into, and the package in question was taken therefrom, so that when the plaintiff's assignors' employé arrived there he could not get the property. If the shippers had not changed the contract with the company by directing it, instead of returning the property, to hold the package for them at Wilson, the company would probably have remained liable to them as carrier; but we think that the direction to the company to hold the property for the shippers at Wilson fixed its liability there-

after as that of a warehouseman. So that the question presented is whether, under all the circumstances, the company used reasonable care in the storage of the property. It appeared that the agent for the express company at Wilson, which is a small country place, was also the ticket agent, freight agent, telegraph operator, and baggage master of the railroad company; that all his offices, including the one in which the express company kept property in its charge, were in the railroad station, and that the nearest house was 25 yards away from the station; that an entrance to the express office was made August 23d, when the windows and doors were securely locked, by breaking open a window; that the place had been broken into twice before, on one of which prior occasions another window had been broken open and property taken away; that the windows were locked, but not barred; and that the agent was in the habit of taking small packages, like jewelry and money packages, to his home. Although we are inclined to think that prior burglaries ought to have made the express company more alert in taking steps to prevent ingress to the express office by means of the windows, we do not feel warranted in disturbing the justice's finding that, under all the circumstances, the company used reasonable care. In Grossman v. Fargo, 6 Hun, 313, the court said that the package—

"Was deposited in the office of the company, where such property, while awaiting delivery, was usually placed and kept. The building was such as is ordinarily used for deposit by express companies at small towns like Pioneer. It was made ordinarily secure by door locks and window fastenings. * * * The felony was effected by an entry through a window. * * * Was it [the window] such, in all respects, as answered the requirements of ordinary prudence; the test being that degree of care and attention which men of ordinary prudence exercise in the protection of their own property? Scarcely any building is at this day entirely safe against the mechanical appliances and skill employed by burglars to effect an entrance. Absolute safety is more than ordinary care and diligence requires. The entry of this building was by force. It seems to have been as difficult as in the ordinary case of small storehouses throughout the country. It was through a window not left open or unfastened and inviting entrance, but fastened quite as effectually as windows usually are, with a view to ordinary protection. It was opened by violence. * * * As above suggested, it is next to impossible to render any structure, or its fastenings, entirely secure against burglarious entry. It is too much to hold this necessary to answer the requirements of ordinary care and prudence in the protection of property."

See, also, Laporte v. Wells, Fargo & Co.'s Express, 23 App. Div. 271, 48 N. Y. Supp. 292.

Judgment affirmed, with costs.

Judgment affirmed, with costs. All concur.