(38 Misc. Rep. 361.)

## LEVY v. WEIR.

(Supreme Court, Appellate Term. June, 1902.)

1. CARRIERS—NONDELIVERY OF GOODS—ACTION BY CONSIGNOR.

Where, in an action by the consignor of goods against a carrier for nondelivery, there is evidence that the consignee is not the owner thereof, the action is properly brought in the name of the consignor.

2. SAME—SALE SUBJECT TO INSPECTION.

Where a suit of clothes is manufactured to order, subject to the inspection of the consignee in a distant city, the consignor has, until its acceptance, all the title, and must take the risk of transportation; and he or his assignee has a right of action against the carrier for failure to deliver the goods.

3. SAME.

Where a suit of clothes is manufactured to order, to be inspected by the purchaser before acceptance, and the carrier tenders the goods, and the consignee refuses to accept them, but states that he will shortly call for them, and the carrier stores them for several weeks, when the consignee absolutely rejects them, and the consignor refuses to order their return, on being informed of the rejection, on the ground that they are no longer of any use to him, the consignor cannot recover of the carrier.

Appeal from municipal court, borough of Manhattan, Eleventh district.

¶ 2. See Carriers, vol. 9, Cent. Dig. §§ 263, 265.

Action by Moses Levy against Levi C. Weir, as president of the Adams Express Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Guthrie, Cravath & Henderson, for appellant.

Frank F. Davis, for respondent.

FREEDMAN, P. J. The return shows that the pleadings were oral; that the plaintiff complained against the defendant as follows: "Conversion, breach of contract, money had and received, negligence;" and that the defendant answered by interposing a general denial, and setting up a special contract. At the trial the attorneys for the respective parties stipulated as to certain facts, and as to others testimony was given by and on behalf of the plaintiff. The most material facts are as follows: On September 6, 1901, plaintiff's assignor delivered to Adams Express Company, a common carrier, a certain suit of clothes, of the value of $90, for Stanley G. H. Fitch, Post Office Square, Boston, Mass. At the time of the delivery of the package to said common carrier plaintiff's assignor received from such carrier a receipt limiting the liability of the carrier to $50. The package was carried to its destination within a reasonable time, and tendered to the consignee first on its arrival, viz., September 8, 1901, who refused to accept the same, saying that he would shortly call for the clothes, which he did not do. On or about October 30, 1901, the package was again tendered to said consignee, who definitely refused to accept it. The goods were not delivered to the consignee, and plaintiff, as assignee of the claim, brought this action.

Upon this state of facts the defendant contended below, and contends upon this appeal, that the plaintiff cannot maintain the action, and that it should have been brought by the consignee. It is true that in this state the presumption of law is that ordinarily the consignee is the owner of the goods. Sweet v. Barney, 23 N. Y. 335; Krulder v. Ellison, 47 N. Y. 36, 7 Am. Rep. 402. But that presumption only obtains in the absence of any evidence on the subject. In Sweet v. Barney it was expressly said:

"But this presumption may be rebutted; and if, in an action for nondelivery by the consignor against the carrier, that presumption be overcome, the action is properly brought in the consignor's name. Price v. Powell, 3 N. Y. 322."

While, therefore, in a case in which the transaction between consignor and consignee amounted to a sale of goods in existence, by which the title was transferred, the rule is that the action for their loss or injury against the carrier must be brought by the consignee, especially if he designated the carrier by whom they were to be carried, it is equally well settled that the consignor may maintain such an action in a case in which he made a special contract with the carrier, or in a case where the consignee had no property in the goods,

either general or special, and incurred no risk in their transportation, so that the risk of the safe transportation of the goods remained with the consignor. In the case at bar the suit of clothes was not in existence at the time of its purchase. It was to be manufactured, and then forwarded to Boston. The purchaser gave no shipping directions. No title passed, and the purchaser had a reasonable time for the inspection and acceptance of the goods after their arrival. They were, therefore, sent for inspection and acceptance, especially as the evidence shows that they had been sent once before, and had been returned for alterations. Under these circumstances the title and the risk of the transportation of the goods remained with the consignor, and the contention of the defendant that the action should have been brought by the consignee is untenable.

The evidence, however, fails to show a basis for the liability of the defendant. There was no conversion, because the goods were not lost, and the carrier exercised no dominion over them in derogation of the claim of ownership by the consignor, but, on the contrary, preserved them and was and is willing to return them to the consignor. True, there was no breach of contract in carrying them, because they were carried safely and within a reasonable time to their destination. There was no breach of contract in not delivering them, because they were tendered to the consignee, and he refused to receive them. As to the claim for money had and received, there was not a scintilla of evidence, and the claim seems to have been abandoned entirely. This leaves only the question of defendant's negligence. The goods having been carried to their destination and promptly tendered to the consignee, who declined to receive them immediately, but promised to shortly call for them, the duty of the carrier as such came to an end, and thereupon he became liable, as warehouseman, only in case he was negligent in the preservation of the goods. Weed v. Barney, 45 N. Y. 344, 6 Am. Rep. 96; Fenner v. Railroad Co., 44 N. Y. 505, 4 Am. Rep. 709; Manhattan Rubber Shoe Co. v. Chicago, B. & Q. R. Co., 9 App. Div. 172, 41 N. Y. Supp. 83. As the consignee had not refused absolutely to receive the goods, but had promised to call for them within a short time, mere compliance with the implied request to hold them for a while was not a negligent act, because, in the absence of any knowledge or information to the contrary, the defendant had a right to act upon the presumption that the consignee was the owner; nor did the failure to give immediate notice to the consignor constitute negligence under the circumstances. Weed v. Barney, 45 N. Y. 344, 6 Am. Rep. 96; Manhattan Rubber Shoe Co. v. Chicago, B. & Q. R. Co., 9 App. Div. 172, 41 N. Y. Supp. 83; Grossman v. Fargo, 6 Hun, 310.

As matter of fact, notice of the definite rejection of the goods was promptly given to the consignor, and he was asked for instructions; but for the reason assigned that the goods were no longer of any use to him, he declined to instruct the carrier to return the goods to him. They will remain subject to the order of the plaintiff, who did not even prove a demand for them. No case of actionable negligence was therefore made out. In every aspect of the case the plain-

tiff failed to establish a cause of action, and his complaint should have been dismissed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.