MOTT et al. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term. May 17, 1910.)

1. CARRIERS (§ 140*)—MISADDRESSED PACKAGE—WAREHOUSEMEN—CARE RE-
QUIRED.

Where a misaddressed package was not delivered to the consignee for
that reason, the carrier having made all reasonable efforts to find the con-
signee without success, and a reasonable time having elapsed for the con-
signee to call for it, the package remained in the hands of the carrier
merely as a warehouseman; the carrier being bound only to guard it as
securely as it guarded its own property.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 609–616; Dec.
Dig. § 140.*]

2. CARRIERS (§ 84*)—DELIVERY OF FREIGHT—MISADDRESS.

Where a package delivered to a carrier was misaddressed, a delivery
to the consignee at a place other than that to which the package was di-
rected would have been at the carrier's peril.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 290–298; Dec.
Dig. § 84.*]

3. CARRIERS (§ 86*)—MISADDRESSED PACKAGE—NEGLIGENCE.

Where a package delivered to a carrier was addressed to the consignee
at the wrong station, the carrier was not bound to have communicated
with the shippers, whose address was on the package, to relieve it from
the charge of negligence in failing to deliver it, at least during the time
when there was no reason to believe that the consignee would not call
for it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 316–322; Dec.
Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by Sadie Mott and another, doing business as S. A. Mott &
Co., against the Long Island Railroad Company. From a Municipal
Court judgment in favor of plaintiffs, defendant appeals. Reversed,
and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Jos. F. Keany (Edward Kelly, of counsel), for appellant.
Rogers & Rogers, for respondents.

BIJUR, J. The plaintiffs, dressmakers, delivered to defendant a
package addressed to a consignee at Hewletts, Long Island, although
they knew she lived at Cedarhurst, a separate station, two or three
miles distant. The agent at Hewletts held the package for a few days.
He then inquired of the postmistress, who told him that the consignee
was not known there. As a matter of form, he mailed a post card at
the local office, which was returned to him. He also looked in the
telephone book for the consignee's name, but it was not in the Hew-
letts list. About a week after the package was received, it having
been kept, as was usual, in the ticket office, which was locked at night,
the office was robbed during the night. There is no express delivery
service at Hewletts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
123 N.Y.S.—4

Under these circumstances, defendant having made all reasonable effort to find the consignee, and a reasonable time having elapsed for the consignee to call for it, the package remained in its care merely as a warehouseman, and it was guarded as securely as it guarded its own property. La Porte v. Wells Fargo & Co., 23 App. Div. 267, 48 N. Y. Supp. 292. Even had the agent found the consignee at Cedarhurst, he could not have delivered the package there, unless at his own peril, being bound to deliver it to the person to whom it was addressed. Sonn v. Smith, 57 App. Div. 372, 68 N. Y. Supp. 217.

While defendant might have communicated with the shippers (plaintiffs), whose address was on the package, this, under the circumstances, was not necessary, to relieve it from the charge of negligence, since the package had been received only within a week, and there was no reason to believe that the consignee would not call for it. Manhattan Shoe Co. v. C., B. & Q. R. R., 9 App. Div. 172, 41 N. Y. Supp. 83. The initial and sole fault in the case at bar was that of plaintiffs, who negligently misdirected the package.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.