Erie Railroad Company, Appellant, *v.* F. Kieser & Son Co., Inc., Respondent.

Third Department, May 5, 1926.

Carriers — carriers of freight — action by carrier to recover balance of freight and storage charges due on interstate shipment — sufficiency of defense and counterclaim — plaintiff on refusal of consignee to accept goods stored them under authority of Railroad Law, § 68 — at end of one year goods were sold under authority of said section and amount received was not sufficient to pay freight and storage charges — reasonableness of rates cannot be passed on in this action — plaintiff was not required to store in outside warehouse, or to enforce lien prior to expiration of one year — defendant can be relieved only if act of plaintiff was unreasonable — no allegation in answer to support that — general denial not considered part of defenses and counterclaim in this action under Rules of Civil Practice, rule 90.

In an action by a railroad to recover from a shipper the balance of freight and storage charges on goods that were refused by the consignee, a defense and counterclaim interposed to the effect that the plaintiff was bound to store the freight in an outside warehouse which it could have done at a much less cost, that the plaintiff should have enforced its lien before the charge for freight and storage exceeded the value of the goods, and that the storage charges were unreasonable, are not sufficient, for the reasonableness of the storage charges, the shipment being an interstate one, cannot be passed on in this action without preliminary resort to the Interstate Commerce Commission, the only question being whether or not the charges actually made conformed to the schedule of charges and rates filed with the Commission.

Furthermore, upon the refusal of the consignee to accept the goods, the plaintiff had the power under section 68 of the Railroad Law to store the goods in its own warehouse and to charge for that service according to the charges specified in the schedules filed, and it was not the duty of the plaintiff to store the goods in an outside warehouse, although it might have done so under section 68 of the Railroad Law, and at a less cost.

Under section 68 of the Railroad Law the plaintiff had the right to hold the goods for one year and then sell the same at public auction upon proper notice for the purpose of paying the freight and storage charges, but it was not required to enforce its lien within one year after the goods were refused by the consignee, although it might have brought an action independent of the statute at any time to recover its charges or to enforce its lien, but it was not required to do that.

The defendant can be relieved of what it claims excessive and unnecessary charges only by showing that the plaintiff acted unreasonably in storing the goods for so long a period, and since there is in the answer no allegation of fact indicating negligence or bad faith on the part of the plaintiff or that it held the property an unreasonable time, the defense and counterclaim present no issue.

The provisions of rule 90 of the Rules of Civil Practice to the effect that denials of facts alleged in the complaint must not be repeated nor incorporated in a separate defense or counterclaim, and that a fact once denied shall be deemed denied for all purposes of the pleading, apply only where the general denial bears some relation to the facts alleged in the defense or counterclaim, and since there is no relation between the general denial and the facts alleged in the defense and counterclaim herein, the denial will not be treated as a part thereof.

Appeal by the plaintiff, Erie Railroad Company, from that part of an order of the Supreme Court, made at the Chemung Special Term and entered in the office of the clerk of the county of Tioga on the 7th day of August, 1925, which denied its motion to strike out the defenses designated in the answer as " third " and " fifth," on the ground of insufficiency, and to dismiss the counterclaim designated as " fifth," on the ground of insufficiency and on the further ground that the court has not jurisdiction of the subject thereof.

The opinion of the Special Term is reported in *Erie Railroad Co. v. Kieser & Son, Inc.,* (125 Misc. 283).

The plaintiff brings this action to recover transportation charges and storage charges on a carload of bran shipped from Minneapolis, in the State of Minnesota, to Conewango, in this State. On its arrival at its destination the bran was refused by the consignee of the defendant. Plaintiff stored the property and after holding it for about a year sold it at public auction. The storage and other charges exceeded the price which the property brought on such sale by nearly $1,200, for which balance this action is sought to be maintained. It is alleged in the complaint that the transportation and storage charges conformed to those on file with the Interstate Commerce Commission of the United States and which were in effect during the period covered by the charges in question.

The defense and counterclaim designated in the answer as " fifth " are combined. Such defense and counterclaim allege an agreement between the parties hereto that if the consignee should not receive the freight it might be kept by the plaintiff, subject to a reasonable charge for storage, or be removed to and stored in a public warehouse at the cost of the owner and at the owner's risk and without liability on the part of the plaintiff and subject to a lien for freight and other lawful charges, including a reasonable charge for storage; that under the laws of this State and under said agreement, it was the duty of the plaintiff sixty days after the refusal of the freight by

the consignee to deliver the same to a warehouse company and take a receipt therefor, and upon such delivery and upon taking such receipt that the plaintiff would have been discharged from all liability in respect thereto; that plaintiff transported such freight after refusal thereof by the consignee to its warehouse at Buffalo, N. Y., and there stored the same,·although there were in said city warehouses in which said freight might have been stored for less than one-tenth of the charges claimed by plaintiff therefor; that such charges are unreasonable; that plaintiff retained possession of such freight for an unreasonable time; that it was its duty to sell the same before the storage charges were more than the fair value of such freight; that disregarding its duty in that respect the plaintiff neglected to sell such freight until after its charges were greatly in excess of the value of said freight; that the reasonable charges of plaintiff for transportation and storage were $491.33, and that the fair market value of the freight was $744. The defendant in said counterclaim demands judgment for $252.67, the difference between said amounts.

The defense in the answer designated as "third" contains no allegation not contained in the defense and counterclaim designated as "fifth" as above indicated.

*Stanchfield, Collin, Lovell & Sayles* [*Pierre W. Evans* of counsel], for the appellant.

*Frederick E. Hawkes,* for the respondent.

COCHRANE, P. J. The shipment in question was interstate. Under the provisions of the Interstate Commerce Act the term "transportation" includes storage charges. (24 U. S. Stat. at Large, 379, § 1, subds. 3–6, as amd. by Transportation Act of 1920 [41 id. 474, 475], § 400; *Cleveland, Cincinnati, etc., Railway Co.* v. *Dettlebach,* 239 U. S. 588, 593.) It is alleged in the complaint that the charges in question corresponded to the schedules of charges and rates on file with the Interstate Commerce Commission and a recovery herein by the plaintiff must depend on the establishment of that fact. (*Keogh* v. *Chicago & Northwestern Railway Co.,* 260 U. S. 156, 163; *Burke* v. *Union Pacific Railroad Co.,* 226 N. Y. 534, 543.) Questions as to the reasonableness of the rates and charges cannot be considered in this court without preliminary resort to the Commission. (*Great Northern Railway Co.* v. *Merchants Elevator Co.,* 259 U. S. 285, 291; *Louisville & Nashville Railroad Co.* v. *Maxwell,* 237 id. 94, 97; 12 C. J. 132; *Baltimore & Ohio Railroad Company* v. *LaDue,* 128 App. Div. 594.)

Defendant does not seriously question the foregoing propositions. But it contends that plaintiff should have transferred this property

to a warehouse company, the charges of which for storage would have been less than one-tenth of the lawful charges which plaintiff was authorized to make therefor. In drawing the answer the pleader evidently had in mind section 68 of the Railroad Law which so far as pertinent is as follows: " Every railroad or other transportation corporation, doing business in this State, which shall have unclaimed freight or baggage, not live stock or perishable, in its possession for the period of sixty days, may deliver the same to any warehouse company, or person or persons engaged in the warehouse business, within this State, and take a warehouse receipt for the storage thereof." The statute then goes on to declare that thereupon the carrier shall be discharged from all liability in respect to such freight; that if such carrier shall have had such freight in its possession one year and shall not have delivered it to a warehouse company as above provided it may sell the same at public auction but not until the expiration of four weeks from the first publication of notice of sale. It was under this statute that the plaintiff sold the property in question and there is no complaint that the requirements of the statute in reference to the sale were not properly observed. This statute imposed no duty on the plaintiff to turn the property over to a warehouse company. It is plainly permissive in its nature. It was enacted for the benefit of the carrier. Its purpose was to enable the carrier to protect itself against congested storage facilities. We do not see that the defendant acquires any benefit or advanatage from this statute.

But the defendant further urges that plaintiff should have enforced its lien before the storage charges exceeded the value of the property. It sold the property at the earliest time permitted by the statute which could not be less than one year after the possession thereof nor until the expiration of four weeks after the first publication of the notice of sale. It is, of course, true that independent of the statute plaintiff might at any time have brought an action to recover its charges or for the enforcement of its lien. We know of no authority or principle of law which required it to do so in the absence of facts or circumstances not alleged in this answer. In *Morgan* v. *Murtha* (18 Misc. 438), relied on by defendant, the question arose on an exception to a charge to the jury and it was merely held that the jury should have been instructed " that the plaintiffs were only entitled to such further storage charges as had accrued within a reasonable time." Section 68 of the Railroad Law would seem to imply that a carrier may ordinarily hold the property for the period of one year. The defendant should allege facts showing the unreasonableness of the plaintiff. There is no allegation in the answer that defendant did not know that the

property was being held by plaintiff subject to storage charges, nor is there any other allegation which excuses the defendant from the duty of protecting its own property. In *Manhattan Shoe Company* v. *Chicago, Burlington & Quincy Railroad Co.* (9 App. Div. 172) the headnote is as follows: " The carrier is bound to give notice to the consignor that the consignee has refused the goods only when reasonable care would require it; when such notice is given to the consignor he must take immediate action and direct the carrier as to the disposition to be made of the goods. The consignor cannot, by his inaction under such circumstances, cast upon the carrier the duty of caring for the property." There is in the answer no allegation of fact indicating negligence or bad faith on the part of the plaintiff or that it held the property an unreasonable time and hence we conclude that the defenses and counterclaim under consideration present no issue.

Finally the defendant claims that a general denial in a former part of the answer must be considered as part of these defenses and counterclaim under rule 90 of the Rules of Civil Practice which contains new provisions as follows: " Denials of facts alleged in the complaint or in an answer and denied by reply must not be repeated nor incorporated in a separate defense or counterclaim. Any fact once denied shall be deemed denied for all purposes of the pleading." This general denial bears no relation to the facts alleged in these defenses and counterclaim. If inserted therein it could under the former practice have been stricken out. (*State of South Dakota* v. *McChesney,* 87 Hun, 293; *Stieffel* v. *Tolhurst,* 55 App. Div. 532.) The purpose of rule 90 is to obviate the repetition of denials which but for the rule might properly be repeated and not to extend throughout an entire pleading the effect of a denial which but for the rule could not properly be repeated.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days on payment of such costs.

All concur.

Order, so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days on payment of such costs.