(18 Misc. Rep. 470.)

## JENNINGS v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

MASTER AND SERVANT—DEDUCTIONS FROM SALARY—ESTOPPEL TO RECOVER

A servant who acquiesces in deductions from his salary not specified in his contract, in order to prevent his discharge, is estopped to sue for the amount thereof afterwards.

Appeal from Eighth district court.

Action by Charles B. Jennings against the Prudential Insurance Company of America for salary. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William O. Campbell, for appellant.

T. Henry Harris, for respondent.

BISCHOFF, J. The plaintiff was employed as an "assistant superintendent" by the defendant, at a stated weekly salary, with certain additional compensation, based upon the amount of business secured, under a written contract, which was expressed to be terminable by the defendant at will, and without notice. His duties comprised a general superintendence over the actions of certain agents for the soliciting of insurance, the instruction of these agents, and the furnishing of reports to the defendant relative to the matters connected with such agencies; and his compensation, over and above the stated weekly salary, was based upon an excess of business secured by the agents under his control. The defendant's business, as touching the plaintiff's employment, was that of industrial life insurance, with policies issued on weekly premiums; and it was the defendant's custom, when the premiums on any policy became four weeks in arrears, to require the soliciting agent to "lapse" or cancel it, failing which, the agent or the "assistant superintendent" (the agent's immediate superior) was charged with the amount of the premium when so in arrears excessive of four weeks. The right to make this charge against the plaintiff was not reserved by the defendant in the written contract of employment, nor, we are to assume, was the custom to make deductions in this regard from the employé's salary known to him at the time when he accepted the position of assistant superintendent; and the claim in suit is for the recovery of sums withheld by the defendant from the plaintiff's weekly salary on account of arrearage of premiums, due under circumstances such as above alluded to, during some 46 weeks, at the rate of about one dollar per week. Whatever the provisions of the contract, and however ignorant the plaintiff might originally have been as to this custom, it appears beyond contradiction from admissions by counsel and from the plaintiff's own writings that these deductions were made from his salary with his knowledge of the defendant's reason for so doing, and with his expressed assent. He signed vouchers weekly for his salary as received, upon the face of each of which appeared the amount of deduction, and the name of the subagent for whose arrearage it was made. He recognized the custom

under which these charges were made against him, in letters to his superiors, proposing slight modifications, such as the facts called for; and, that there might be no doubt of his knowledge of the matters in question, his counsel admitted it upon the trial. What, then, is his explanation of this apparent acquiescence in that course of business, and abandonment of a part of his salary thereunder? It is, according to his evidence, that, from his experience of the defendant's conduct of its affairs, his discharge would have followed his dissent, and that he was passive, in order that he might keep his position. If so, we may only say that he kept it at an expense of precisely the amount in suit.

This was no case of a contract performed by one, with a reservation of rights arising through the other party's breach, such as the respondent's counsel contends for in support of the judgment. It is of course to be conceded that in a proper case the aggrieved party may continue performance, and recover his damages none the less. Here, however, the plaintiff did not avail himself of his rights arising under the defendant's breach of contract, which occurred, if at all, during the first month of his employment; and his opportunity for performance during the succeeding 10 or 11 months existed through his waiver of the breach, or an accepted modification of the agreement, under which the defendant retained him. The actual waiver, instead of being explained away by the circumstances, is shown to have existed for an acceptable consideration, in that it was intended to induce the defendant to forego the exercise of its privilege under the contract,—the right of immediate discharge; and hence the plaintiff has proven, not an excuse for his ratification, but an estoppel of its denial. It results that the recovery was manifestly without support.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.