were not sufficient to sustain the attachment; and the motion to vacate the same is, therefore, granted, with $10 costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. J. Dittenhoefer and David Gerber, for appellant.
Charles W. Pierson, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of BEEKMAN, J.

---

(22 Misc. Rep. 141.)

### MARTIN v. GUIDDON et al.

(Supreme Court, Appellate Term.    December 27, 1897.)

COMPROMISE AND SETTLEMENT.

> Where an employé, when charged in good faith with negligence resulting in financial loss to his employers, refrains from disputing his liability, in order not to lose his position, and accedes to their proposition to deduct the amount from his future wages in successive installments, and thereafter gives his receipts for such wages in full, any possibility of dispute as to his original liability is thereby resolved in the employer's favor, and the employé cannot subsequently maintain an action to recover the amount.

Appeal from First district court.

Action by Thomas Martin against Edward W. Guiddon and others. From a judgment for plaintiff, defendants appeal.    Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Dudley R. Horton for appellants.
John Callahan, for respondent.

BISCHOFF, J.    The plaintiff has obtained a judgment for $30.30 upon his claim for wages due him as an employé of the defendants in their business as expressmen, this sum representing the total of deductions made from his wages at successive periods by the defendants to reimburse them on account of their payment for the loss of a package of cigars consigned to them for delivery, and which had been lost when in charge of the plaintiff as driver and delivery agent.    Upon the trial it was admitted that the package was lost when in the plaintiff's custody, and that the defendants had made good the loss to the consignor; further, the plaintiff admitted that the defendants had delivered to him the consignor's written receipt of payment when thus made, and that the successive deductions from his wages were stated in each instance to have been made on account of this loss, he having accepted the sum tendered him, and signed the pay roll on every occasion without demur.    When finally discharged from the defendants' employ, he made no demand for the sum in question, and his claim is now based upon the alleged omission of any agreement whereby the defendants were justified in withholding this portion of his earnings.    For the defendants it was testified that at the time of the loss the plaintiff had conceded his

liability for the value of the package, and had asked that the sum be taken from his wages in installments,—the method actually adopted; but, in his own behalf, he testified that no such matter had taken place, and gave further testimony tending to show that the loss had not been occasioned by his negligence. Were the question of negligence now properly open, it might, perhaps, have been found by the justice that the plaintiff had exercised reasonable care at the time, according to his own testimony, but it appears to us, in view of his admitted attitude of acquiescence upon the subject throughout the period of his employment, that the weight of the evidence was clearly with the defendants in their contention that, if there had been a possibility of dispute upon this question of the plaintiff's responsibility, it had been resolved in their favor by agreement between the parties, and that the plaintiff was benefited by their concession that he should refund only in convenient installments the amount which they were called upon to pay out at once. If, in truth, he did not at the time consider himself justly charged with the loss, the obvious implication from the facts is that the plaintiff found it to his own interest to refrain from disputing his liability, that the opposite course would have been taken at the risk of his employment; and, if this were the fact, there was certainly sufficient consideration to support the admission which was to be implied from his attitude,. with the result that he would be bound by his election to retain the employment through a voluntary abandonment of this disputable question of his remissness in the course of his duties. See Jennings v. Insurance Co., 18 Misc. Rep. 470, 42 N. Y. Supp. 50.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.