(26 Misc. Rep. 764.)

### ST. NICHOLAS SKATING & ICE CO. v. CODY et al.

(Supreme Court. Appellate Term.    March 24, 1899.)

1. NEGLIGENCE—INJURY FROM BLASTING.

A blast occasioning the injury complained of was set off at about six feet from the building injured. Heavy blasting on previous occasions had damaged the building, and defendants' servants had been warned thereof. *Held* sufficient prima facie evidence of negligence, though defendants were engaged in a lawful act on their own premises.

2. COMPROMISE—CONSIDERATION.

Where plaintiff's building was damaged by blasting on defendants' land, and defendants agreed to pay whatever damages plaintiff might be compelled to pay a contractor in a suit for repairs, the new agreement was based on a valid consideration, and barred any defense to the original claim.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by the St. Nicholas Skating & Ice Company against Joseph W. Cody and Otis C. Adams. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Albert J. Adams, Jr., for appellants.

Percy H. Stewart, for respondent.

LEVENTRITT, J. This action is based on the alleged negligence of the defendants in blasting on a lot of land adjoining premises owned and occupied by the plaintiff. It is conceded that injury to the building, and to machinery therein contained, resulted from the explosion. The damage was repaired by the plaintiff, who was partly reimbursed by the defendants. When this balance of the expense incurred was demanded of the defendants, they claimed that the charges of the contractor, whom the plaintiff had employed to make the repairs, were

exorbitant, refused to pay them, but entered into an agreement whereby they obligated themselves to satisfy the judgment which might be recovered, provided they were permitted to defend any action the contractor might bring. The contractor sued. As admitted on the record, the defendants were notified of the pendency of the action. They declined to appear, and the plaintiff in this action allowed judgment by default to be rendered in the sum of $212.13. Upon refusal of the defendants to carry out their agreement by paying that sum, this action was instituted, and resulted in a recovery by the plaintiff of $160.54.

On the trial the defendants insisted that, notwithstanding the agreement, no recovery could be had unless the plaintiff established negligent blasting, and the justice permitted that question to be litigated. The defendants strenuously maintain on this appeal that there was no evidence to support the finding of negligence, and that, therefore, the judgment should be reversed. We cannot concur in this view. It appears from the record that the blast which occasioned the injury was set off at a distance of from six to seven feet from the building, in a rock that extended nine feet on the other side of the point of discharge; that heavy blasting had on a previous occasion damaged the skylight of the plaintiff's building; and that defendants' servants had been warned and apprised of the existence and locality of the machinery injured on the occasion of the subsequent blast. It also appeared that just prior thereto the defendants, apparently anticipating danger, had notified the occupants to leave the building; that smaller charges were used after the injury in question; and that, in order to secure pieces of granite sufficiently large to have a commercial value, the defendants used a high grade of dynamite, and selected that point of the rock most favorably calculated to accomplish their purpose.

On this state of facts, there is sufficient prima facie evidence of negligence. Although the defendants were engaged in a lawful act on their own premises, the law exacted of them, under the circumstances, the exercise of a degree of care commensurate with the danger, and calculated to prevent or mitigate the injury to the plaintiff's property. Apprehending the consequences to the building, they were bound to exercise the most cautious regard for their neighbors' rights. Such precautions, it has been said, would be no more than reasonable care, under the circumstances. Booth v. Railroad Co., 140 N. Y. 267, 273, 35 N. E. 592. The facts recited show that the defendants were obviously not limited to the method adopted by them in the removal of the rock. They concede this in the use of smaller charges after the injury; and, further, especially in view of the prior accident, they might have selected a spot fraught with less hazard to the plaintiff's premises. "The mode of exercising a legal right, where there is a choice of means, may of itself give a cause of action." Booth v. Railroad Co., supra. The plaintiff relies on the case just cited in support of its contention. But in that case it was substantially conceded that the defendant exercised due care in conducting the blasting, and that it was necessary in order to remove the rock. Independently, however, of the question of negligent blasting, we are of the opinion that the defendants were precluded from litigating that issue by the agreement, practically undisputed, that they would pay any judgment which the contractor might

recover against the plaintiff for the repair of the damaged machinery. There was a bona fide dispute between the parties as to the liability and its extent. The claim for damages was, in effect, compromised; the defendants agreeing to abide by the result of the contractor's suit, and impliedly admitting their liability, reserving to themselves the right to contest that action. This new agreement was, under the authorities, based on a valid consideration, and barred any defense to the original claim. Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280; Feeter v. Weber, 78 N. Y. 334; Russell v. Cook, 3 Hill, 504; Martin v. Guindon, 22 Misc. Rep. 141, 48 N. Y. Supp. 694. The conclusion follows that the plaintiff should have recovered $212.13, the full amount of the contractor's judgment, but, as it has taken no appeal, the amount awarded it by the justice is not open to review. The judgment must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.