(28 Misc. Rep. 579.)

DE LEMOS v. COHEN et al.

(Supreme Court, Appellate Term. July 26, 1899.)

1. BAILMENT—TERMINATION.
Where goods are left by a purchaser with a vendor, without compensation paid by the purchaser for the storage thereof, the purchaser cannot recover from the vendor for the loss thereof after notice from the latter to remove them.

2. MUNICIPAL COURT—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
Under Laws 1896, c. 748, which provides that a justice may grant a new trial for the causes specified in Code Civ. Proc. § 999, and the latter, which does not mention newly-discovered evidence as a ground for new trial, a justice of the municipal court of the city of New York has no jurisdiction to grant a new trial on the ground of newly-discovered evidence.

3. APPEALABLE ORDER.
Appeal will not lie from an order of a justice of the municipal court of the city of New York denying a motion for a new trial on the ground of newly-discovered evidence, under Laws 1896, c. 748, which provides that an appeal will lie from an order of the justice opening a default, vacating a judgment, setting aside the verdict of a jury, and vacating a judgment entered thereon.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Adolph De Lemos against Jacob Cohen and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Alfred R. Bunnell, for appellant.
Edwin F. Stern, for respondents.

LEVENTRITT, J. On November 11, 1893, plaintiff's assignor purchased from the defendants, and paid for, 144 bundles of damaged manilla paper. The assignor testified that he had the privilege of leaving the paper in the cellar of the defendants' premises, which he conceded to be the place of delivery. He also testified that he removed all the bundles, with the exception of 12, which he left in the cellar. No charge was made for their storage. He admits that they were subject to removal by him at his pleasure. In May, 1895, the

defendants moved their place of business, and, according to the testimony of two of their witnesses, notified the plaintiff's assignor to remove the 12 bundles. The latter, while professing no recollection of the notice, does not deny that he received it. Upon quitting the old premises, the defendants left the paper in controversy in the cellar. Shortly thereafter, the plaintiff's assignor, having paid no attention to the notice, made demand for his goods. This was ignored. Three and a half years later this suit was begun for the value of the 12 bundles. Judgment was had by the defendants, and the plaintiff has appealed.

This disposition of the cause was proper. The defendants were, at most, gratuitous bailees, and there is proof to show that they discharged their full obligation of exercising the slight care incumbent on them. The depositaries (that is, the defendants) terminated the deposit by giving due notice to the depositor (that is, the plaintiff's assignor), who, failing to remove his property in compliance therewith, must bear the loss subsequently occurring. Dale v. Brinckerhoff, 7 Daly, 45; Roulston v. McClelland, 2 E. D. Smith, 60.

A motion was made below on affidavits for a new trial on the ground of newly-discovered evidence. This motion was properly denied, as the justice was without jurisdiction to entertain the application. The extent of his power to grant a new trial, as defined by chapter 748 of the Laws of 1896, is measured by the provisions of section 999 of the Code of Civil Procedure, which does not embrace new trials grounded on newly-discovered evidence. See Martin v. Guindon, 22 Misc. Rep. 139, 48 N. Y. Supp. 694. Even if the court could have taken cognizance of the motion, no appeal would lie from its denial of the relief. Robb v. Osgoodby, 20 Misc. Rep. 622, 46 N. Y. Supp. 451. The judgment must be affirmed, and the appeal from the order dismissed.

Judgment affirmed, with costs to the respondents, and appeal from order dismissed. All concur.