(37 Misc. Rep. 504.)

### KRUMSKY v. LOESER et al.

(Supreme Court, Appellate Term. March, 1902.)

BAILMENT—WHAT CONSTITUTES.

Two swindlers ordered goods of plaintiff, and had them sent to defendants, who were large dealers, in good standing. After the goods had been sent, a person representing himself to be the plaintiff telephoned defendants that the goods had been missent, and would be called for. Shortly afterwards the person appeared at the store with an order requesting delivery of the goods to the bearer, which order was ostensibly signed by plaintiff, and defendants delivered the goods. *Held*, that defendants were not gratuitous bailees of the plaintiff, and were not liable, where the goods were never returned to plaintiff.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Solomon Krumsky against Frederick Loeser and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Isaac C. Ludlan, for appellants.

Abraham H. Sarasohn, for respondent.

GREENBAUM, J. Defendants appeal from a judgment rendered against them in the municipal court, Fifth district. The facts upon which the controversy between the parties hinges are practically undisputed. The plaintiff is a manufacturer of ladies' wrappers. The defendants are the proprietors of a large department store in Brooklyn. The parties had never had business relations with each other. On April 19, 1901, two swindlers purporting to represent the defendants ordered a bill of goods of the plaintiff, with directions to deliver them to the defendants' place of business. The plaintiff, after satisfying himself of the financial ability of defendants, as he asserts, sent the goods to the defendants by an expressman. It appears that the defendants' establishment is in the habit of receiving about 350 packages from various houses daily, and that the goods were received under the assumption that they had been ordered by the defendants. Later in the day the man in charge of the receiving department of the defendants was called up on the telephone by a person who represented himself to be the plaintiff, and who stated that the case of wrappers had been delivered to the defendants by mistake, and that the goods would be called for. Shortly after this conversation a person called with an order, purporting to be signed by plaintiff, addressed to the defendants, requesting the redelivery of the case to bearer. The order explained that the mistake was occasioned by wrongly addressing the goods to the defendants, instead of "E. Losier, Savannah, Ga.," and expressed the hope that the defendants had not been inconvenienced. The goods were thereupon handed over to the bearer of the order. It subsequently transpired that the plaintiff and the defendants were the victims of a swindle, and the question is presented as to which of the parties must bear the loss of the goods.

The plaintiff attempts to fasten a liability upon the defendants as gratuitous bailees, upon the theory of the defendants' negligence in accepting the goods and delivering them up to a stranger. Were defendants bailees? A bailment must be predicated upon some contractual relation, express or implied, upon the delivery of the goods, between the bailor and bailee. In this case the goods were by trick, the result of a fraud practiced upon plaintiff, thrust upon the defendants, who thus for a short time were unconsciously and unknowingly the custodians of the plaintiff's goods. Where one becomes possessed of another's goods by chance or accident, no bailment obligation will arise unless the possessor is aware and has knowledge of the fact that goods have come into his possession which belong to another. In the case at bar the knowledge that the defendants became possessed of the goods not belonging to them was communicated to them by the swindler to enable him to carry out his scheme of

**1014**

obtaining the property of the plaintiff. If I am apprised by another that a certain article belonging to him was sent to me by mistake, am I not justified in assuming, from the very fact of such party first making me aware of its possession, that he is the true owner, and entitled to its return? Am I obligated or beholden to the real owner, if I have been deceived, to account for the value of the article thus secured from me through trick? I think not. If, however, by any process of reasoning, the duty of a gratuitous bailee could be fastened upon the defendants, then I am of opinion that, inasmuch as they would only be chargeable in that case with gross negligence (First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278, 19 Am. Rep. 181), they should not be here held liable. They were certainly no more negligent than was the plaintiff in parting with his goods. The defendants, indeed, acted in the matter as any ordinarily prudent man could have been expected to act under the circumstances. Judgment reversed, and a new trial ordered, with costs to appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.