### MEYER v. GALLAND et al.

(Supreme Court, Appellate Term, First Department. February 1, 1916.)

1. TROVER AND CONVERSION ⚫⟿9—FIXTURES—SALE.

Where plaintiff's assignor installed under a conditional bill of sale, fixtures in premises leased by defendants, and defendants, on the tenant's failure to pay rent and his vacation, leaving a part of the fixtures on the premises, refused plaintiff's demand therefor, and sold part of the fixtures. and retained possession of the remainder, the sale of part constituted a conversion of the fixtures sold, regardless of any demand, and such an assumption of dominion over all the fixtures left by the tenant as to constitute a conversion of the part not sold.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 58–83; Dec. Dig. ⚫⟿9.]

2. NEW TRIAL ⚫⟿77—MISTAKE IN VERDICT.

In an action for the conversion of fixtures installed under a conditional bill of sale, where the defendant's janitor testified that he found only seven articles after the defendant's tenant had left, and sold three of these for $65, and plaintiff's evidence showed that the value of the seven articles was several hundred dollars, a verdict of only $65 showed that it was founded upon a palpable mistake, so that a new trial would be ordered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 157–161; Dec. Dig. ⚫⟿77.]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Adolph Meyer against Eugene Galland and another. From a judgment, and from an order denying his motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

⚫⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. L. Weinberg, of New York City, for appellant.
Eugene L. Bondy, of New York City, for respondents.

LEHMAN, J. [1] The plaintiff's assignor installed certain fixtures in premises leased by the defendants to one Covert. The fixtures were installed under a conditional bill of sale, and the title to the property was at all times vested in the plaintiff's assignor. Covert failed to pay the rent, and when he ceased to be the defendants' tenant he left at least part of the fixtures in defendants' premises. The plaintiff claims that he demanded the fixtures from the defendants in March, 1912, and that the defendants refused to give them up. If this be true, then the defendants' refusal constituted a conversion of such fixtures as Covert left in their premises. The defendants do not really deny that a demand was made on them, but there is some question as to whether the demand was made in behalf of the plaintiff, or in behalf of the assignor. In my opinion, however, this point is immaterial. The defendants admit that the tenant left certain fixtures in the premises, and they admit that they sold part of these fixtures for the sum of $65, and still have the remainder. The sale of part of the fixtures undoubtedly constituted a conversion of the fixtures sold, regardless of any demand, and the trial justice correctly so charged. In view of all the circumstances, I think that it also cannot be doubted that the sale of a part of the fixtures constituted such an assumption of dominion over all the fixtures left by the tenant as to constitute a conversion even as to the part unsold.

[2] The sole questions in the case, therefore, are: What fixtures were left in the premises by the tenant? and what was their value? The defendants' janitor testified that he found only seven articles in the premises after the tenant left, and he sold three of these articles for the sum of $65. The plaintiff produced testimony showing a value for even these seven articles of several hundred dollars. In spite of this testimony, the jury found a verdict of only $65. Assuming that the jury believed the defendants' testimony, and found that the tenant left only seven articles, and that the price of $65, at which three of the articles were sold, constituted their fair and reasonable value, the plaintiff was still entitled to damages for the other articles, which the defendants still retain. The jury's verdict can be explained only upon the assumption that they did not understand the actual issues and is founded upon a palpable mistake.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event.

FINCH, J., concurs.

BIJUR, J. (dissenting). It appears that plaintiff's assignor had in May, 1911, sold under a conditional bill of sale to one Covert certain fixtures for a candy store. Covert was then a tenant of defendants, and installed the fixtures in the store which he had rented from them. In September, 1911, he absconded, leaving two months' rent unpaid. Plaintiff claims that a demand was made for these fixtures upon defendants some time thereafter. Plaintiff also claims that his assignor

received consent from defendants' janitor at the end of August, 1911, to leave the fixtures in the store "for a reasonable time." Plaintiff claims that the value of the fixtures which were left by Covert was some $700, for which defendants should be held liable by reason of their refusal to deliver them on request. Defendants admit that in April or May, 1912, when they procured another tenant for the store and found some of the fixtures claimed still in the premises, they sold all but a few, which are still in the cellar, and realized $65 for them; the sale only having been made by posting a notice in the window that they were for sale, and defendants' janitor testifying that, after seeing many customers, he had obtained the best possible price. Defendants offered at the close of the trial to turn the $65 over to plaintiff, and they claimed that they were always willing to deliver the few remaining fixtures now in the premises.

The verdict of the jury seems to me to be perfectly explicable on the theory, either that they did not believe that any demand had been made, or that any fixtures had been left upon the premises, other than the few admitted by defendants as having been sold by them and as still on the premises. While some errors seem to have been committed upon the trial, the material ones were in favor of plaintiff. The learned judge below charged the jury that, if demand had been made, defendants were chargeable with notice of the conditional bill of sale filed by plaintiff; but I find no warrant for charging persons in the defendants' relation to this property with knowledge of the conditional bill of sale by reason of its having been filed under section 62 of the Personal Property Law (Consol. Laws, c. 41).

There was some proof (of doubtful competency) that plaintiff's assignors had been accorded permission in August to leave the fixtures on the premises after Covert had abandoned them for a reasonable time. That was surely exceeded as matter of law long prior to April or May, 1912. Even assuming that such permission had been given, defendants, as gratuitous bailees, would be liable only for gross neglience, and there is not the slightest indication of any such charge against them in the record. First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278, 19 Am. Rep. 181. Upon the record, assuming that plaintiff and his assignees were respectively the owners of the property at the times testified to, they could impose no obligation upon defendants by merely leaving their property upon the latter's premises. No form of bailment, gratuitous or otherwise, can be thrust upon a person without his consent, and when property is practically abandoned by the owner upon another's premises the latter owes the owner no obligation. First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278, 293, 19 Am. Rep. 181; Krumsky v. Loeser, 37 Misc. Rep. 504, 75 N. Y. Supp. 1012.

See, also (although there was a bailment in that case) De Lamos v. Cohen, 28 Misc. Rep. 579, 59 N. Y. Supp. 498.

In this view of the case, defendants quite properly showed the circumstances under which the fixtures had been left upon their premises, and the testimony that Covert had left them there after absconding with two months' rent unpaid was quite proper. Similarly, while

no doubt the sale by defendants of some of the articles constituted the exercise of such dominion over them as to amount to a conversion, that inference should, to my mind, upon the facts of this case, be necessarily limited strictly to the fixtures actually sold. Proof of the price obtained for them on a fair sale, honestly conducted, with a view of obtaining the highest amount realizable, was admissible as some evidence of their market value at the time. Parmenter v. Fitzpatrick, 135 N. Y. 190, 196, et seq., 31 N. E. 1032.

I think that the judgment should be affirmed.