WECHSLER et al. v. PICARD IMPORTING CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. BAILMENT ☞31(3)—GRATUITOUS BAILMENT—SUFFICIENCY OF EVIDENCE.

Evidence in an action for the stipulated value of merchandise, which plaintiff claimed had been delivered to defendant for inclosure with other merchandise which defendant was to ship to a certain consignee, *held* not to show that defendant offered voluntarily to accept and forward it.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 131; Dec. Dig. ☞31(3).]

2. BAILMENT ☞1—REQUISITES—EXPRESS OR IMPLIED CONTRACT.

A bailment must be predicated upon some contractual relation, express or implied, upon the delivery of the goods between the bailor and the bailee.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 1–12; Dec. Dig. ☞1.]

3. PRINCIPAL AND AGENT ☞23(1)—AGENCY—SUFFICIENCY OF EVIDENCE.

In an action for the stipulated value of merchandise, which plaintiff claimed was delivered to defendant on its agreement to inclose it with other merchandise which it was to ship to a certain consignee, evidence *held* not to show an agency for defendant for the receipt or delivery of the goods.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 23; Dec. Dig. ☞23(1).]

4. BAILMENT ☞12—ACTION FOR CONVERSION—GROSS NEGLIGENCE.

In such action, defendant, even if bound by the acts of others on the theory of their agency, who had himself been tricked and deceived into parting with the goods to a swindler, was not guilty of such gross negligence as to make him liable for their stipulated value.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 37–41; Dec. Dig. ☞12.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac Wechsler and another against the Picard Importing Company. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Oscar Englander, of New York City (Harry M. Markson, of New York City, of counsel), for appellant.

Frank F. Bergenfeld, of New York City, for respondents.

DELEHANTY, J. This action was brought to recover the stipulated value of two packages of merchandise, which plaintiff claims were delivered to defendant, and which defendant agreed to inclose in a case containing other merchandise which it was to ship to Crosby Bros. Company, Topeka, Kan. At the trial it was shown that one Gilbert, a swindler, fraudulently representing himself to be a buyer for the Crosby concern, visited the places of business of both plaintiffs and defendant, ordering goods from each. His first appearance was at defendant's office. This was located in a small room with two other tenants—Silverman, a representative of a German concern, and Michael, a dealer in envelopes. Each tenant had his name on the door. Gilbert ordered from Leopold Picard, of the Picard Company, some $300 worth of fountain pens, and desired to have them shipped by an express company of his own selection. This did not meet with the approval of said Picard, and he declined to let the goods go out until he made an investigation. Meantime Gilbert went to plaintiff's establishment and ordered two boxes of suspenders and neckties. He gave directions that these goods should be sent to the Picard Importing Company, to be inclosed by that concern with goods purchased from it for shipment to the Crosby Company in Topeka. Plaintiffs' goods were addressed to Crosby Bros. Company, Topeka, Kan., and were sent to the Picard Company's office accordingly. When they arrived the only person on the premises was the tenant Silverman; Picard himself having gone that day direct from his house to call upon certain of his customers. Silverman accepted the goods and signed a receipt therefor. He put the goods in Picard's room and went out. The tenant Michael then arrived, and thereafter Gilbert came and asked to see the goods that he had caused to be sent from plaintiff's place of business. He was allowed to see the goods, and upon an apparent examination thereof complained that they were not right, and that plaintiffs must be irresponsible people. He said he would immediately return the goods to them, and Michael allowed him to remove both boxes from the premises. Later Picard came to the office and learned what had transpired. He tried to trace where the goods came from, and finally located the plaintiffs next morning, when he told them what had happened. Picard testified that plaintiffs thanked him, and said that he had saved them from shipping out a further order of $500. Gilbert and the goods were never seen again.

[1-3] I am of the opinion that upon the facts presented by the rec-

ord in this case the judgment should be reversed. The defendant never voluntarily agreed to accept the goods or forward them to Crosby Bros., and the plaintiffs are now attempting to thrust such an obligation upon him. The defendant is sought to be held liable on the theory that he was a gratuitous bailee of the goods in question. A bailment must be predicated upon some contractual relation, express or implied, upon the delivery of the goods, between the bailor and bailee. There is evidence that the tenants occupying the room with the Picard concern performed a number of acts for the mutual accommodation of one another, but I do not find that they were of such character as to constitute an agency on the part of Silverman or Michael for the receipt or delivery of the goods in question.

[4] But, even assuming that Picard was bound by their acts upon the theory of agency, still I do not think there is sufficient ground for sustaining this judgment. A gratuitous bailee is liable only for gross negligence, and the facts in this case fall short of establishing that. Defendant was tricked and deceived into parting with the goods, and in this respect he was certainly no more negligent than the owner thereof. Both were victims of the swindler, and it seems to me that it would be clearly unjust under the circumstances presented to permit the plaintiff to fasten his loss upon the defendant. See Krumsky v. Loeser, 37 Misc. Rep. 505, 75 N. Y. Supp. 1012.

Judgment should be reversed, with $30 costs, and complaint dismissed upon the merits, with appropriate costs in the court below. All concur.