MILTON HELD, Plaintiff, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

City Court of New York, Kings County, December 15, 1933.

*Bernard D. Barnett,* for the plaintiff.

*Tanner, Sillcocks & Friend,* for the defendant.

GOLDSTEIN, J. The plaintiff was employed by the defendant as an insurance agent, and said employment was pursuant to a written contract. Under this contract the plaintiff was allotted a certain district. It was his duty to collect premiums upon industrial insurance in force in that district and he was paid a commission of ten per cent of the total premiums collected. In addition thereto, he was paid twenty-four times the amount of the premium on any new insurance that he might secure, if the insurance was written under the weekly payment plan. If the insurance was paid monthly, his commissions amounted to five and one-half times the amount of the premium. The contract likewise provided that he was to be charged twenty-four times the amount of the weekly premium on any insurance in force in his district that he failed to collect. The plaintiff continued in the employ of the defendant for a period of two years and during that time the sum of $2,948.20 was deducted from his earnings by reason of his failure to collect certain premiums. The plaintiff has now brought this action to collect that sum. The complaint alleges the contract and due performance of the terms thereof, and in paragraph 7 of the complaint alleges that the provision for the deduction for the non-payment of the premiums constituted an unlawful penalty and was, therefore, illegal and void.

After a diligent search of the law upon this subject, it is apparent that the question has arisen, but infrequently. There are no citations of authority in either the plaintiff's or the defendant's

brief. The case of *Jennings* v. *Prudential Insurance Co. of America* (18 Misc. 470), decided by the Appellate Term of the First Department, is apparently the only authority upon this subject. In that instance the plaintiff was employed as an assistant manager in the industrial insurance department. That employment was under a written contract which was silent as to any provisions for deductions for failure to collect the weekly premiums. It was a custom of the company to make deductions similar to those provided for in the present case and said deductions were made from the assistant manager's salary beginning with the first week of his employment, and the court there held that the plaintiff, having acquiesced in the manner of doing business and the custom of his employer in making the deductions from his salary, was estopped from denying the company's right to do so even though he had consented to the deductions for the sole purpose of holding his employment.

I cannot agree with the plaintiff that the deductions were a penalty or forfeiture, but were rather a protection to the company so as to insure that the agent would do his utmost to collect the premiums that were due. The motion to dismiss the complaint is, therefore, granted.